SPRING, 1810.
First District.

MITCHELL
*vs.*
COMYNS.

---

## MITCHELL vs. COMYNS.

THE petition stated, that the plaintiff was the owner of a negro girl, who left his plantation, in the state of Maryland, without his consent or knowledge, and came to the city of New-Orleans, where she lived with the defendant, who

A sale in a notary's office is not a sale in market overt.

Spring, 1810.
First District.

MITCHELL
*vs.*
COMYNS.

was about to remove her to the province of West Florida. On the affidavit of one Hubbard, to these facts, a writ of sequestration issued, and she was thereupon apprehended.

AND now *Hennen*, for the defendant, pleaded in abatement, the want of a power of attorney from the plaintiff, or any authority from him for the institution of the suit.

*By the Court.* This is not pleadable in abatement: all that can be required, as the plaintiff appears to reside without the jurisdiction of this court, is that the person who prosecutes for him should give security for the costs of suit: but this is unnecessary, since security has been given before the issuing of the writ of sequestration.

THE answer did not deny the facts stated in the petition, but set up a claim to the girl grounded on a contract of sale duly entered into, before a notary public, in the city of New-Orleans, for a valuable consideration.

*Hennen* for the defendant. The purchase of the girl having been made from a person in open possession of her, the contract of sale being *bona fide* passed, in the office of a notary public, the defendant cannot be compelled by the judgment of this court to surrender the slave to her real, but till now latent, master, unless the latter refunds the purchase money. *Civil Code*, 488 *art.* 76.

THE office of a notary must be considered as a market overt, and it is in evidence that the vendor was a dealer in negroes. These two circumstances clearly bring the present case within the provisions of the Code.

SPRING, 1810.
First District.

MITCHELL
vs.
COMYNS.

ALTHOUGH by a statute of this territory, slaves are things, and conveyed as real property, yet in some cases they are considered as personal property: for larceny may be committed of a slave. If we therefore consider a slave as personal property, it will follow that his owner must be precluded from a recovery against a person to whom a *bona fide* transfer has been made, for a valuable consideration, although the transferer may have unfairly obtained possession of the slave.

*Prevost* for the plaintiff. Although the office of a notary public be a public office, and its acts generally of great public notoriety, yet it is not a place in which it may be expected, horses, cattle and negroes are usually brought for sale, as in a fair or market.

*By the Court.* The Code provides that if the thing stolen has been purchased at a public market, or a fair, or at a public auction, the former owner shall not recover it without reimbursing the sum paid by the purchaser. We do not know that it would suffice that a bill of sale should be executed in a market or a fair. The chattel purchased ought to be brought and the contract made there. Markets and fairs are places to which

Spring, 1810.
First District.

Mitchell
vs.
Comyns.

wares are brought and exposed for sale, where notice may be taken of the disposal of them— where the owner of lost or stolen property may look for and be apprised of the presence of it. It is otherwise of the office of a Notary Public. It is not a place in which bargains are made; altho' after the parties have agreed, they may resort thither to have the evidence of their respective rights and obligations recorded and perpetuated. The thing which is the object of the contract is very seldom brought thither, so that the redaction and execution of an instrument by a Notary Public does not expose a fraudulent vendor to detection in the same manner as the production of the thing at a market or fair of sale. The case is neither within the words nor the spirit of the Code.

JUDGMENT FOR PLAINTIFF.